IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JUSTIN RYAN HOULE, | : |
| Petitioner, | : |
| VS. | :     **7 : 10-CV-66 (HL)** |
| STEVE ROBERTS, Superintendent, | : |
| Respondent. | : |

## ORDER AND RECOMMENDATION

Presently pending in this federal habeas petition is the Respondent's Motion to Sever and Dismiss Grounds One and Two as untimely. (Doc. 11). In this federal habeas petition, the Petitioner challenges three separate adjudications: 1) his January 11, 2000 Irwin County guilty plea to charges of burglary; 2) his August 16, 2006 First Offender probation revocation and adjudication of guilt on the burglary charges; 3) his August 14, 2008 probation revocation order on the burglary conviction. (Docs. 2, 8). The Respondent maintains that Grounds 1, 3, 4, and amended Ground 1, wherein the Petitioner challenges the 2000 guilty plea proceeding and the 2006 First Offender probation revocation/adjudication of guilt, should be severed and dismissed as untimely.

The Respondent asserts that pursuant to Rule 2(e) of the Rules Governing § 2254 Cases, Grounds 1, 3, 4, and amended Ground 1 should have been the subject of separate petitions, since these grounds challenge separate judgments of a state court. Furthermore, the Respondent asserts that these grounds are untimely, as the federal petition was filed more than one year after the Petitioner's conviction became final.

Petitioner was indicted by an Irwin County grand jury on November 8, 1999 on charges of burglary. Petitioner pled guilty to burglary and was sentenced in the Superior Court of Irwin County as a First Offender to 10 years probation. On August 16, 2006, Petitioner's First Offender probationer

status was revoked by the Superior Court of Irwin County; he was adjudicated guilty of burglary and the court sentenced Petitioner to fifteen years on probation. On August 14, 2008, the Superior Court of Irwin County revoked Petitioner's probation on the burglary conviction and ordered Petitioner to serve 24-36 months in a probation detention center.

Petitioner filed a state habeas corpus petition on September 8, 2008. Following an evidentiary hearing, the state habeas court denied relief on December 7, 2009. The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on May 17, 2010. Petitioner executed this federal habeas petition on July 8, 2010.

*Severance*

Petitioner challenges herein three separate judgments, all of which were issued by the Irwin County Superior Court, under Irwin County Superior Court case number 99-CR-140. (Doc. 14-4, pp. 38-48). Specifically Petitioner challenges: 1) his original guilty plea in 2000 to charges of burglary; 2) his 2006 revocation of First Offender status and adjudication of guilt on the 2000 charges; and 3) his 2008 probation revocation. (Docs. 2, 8).

Rule 2(e) of the Rules Governing § 2254 Cases provides that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rule 2(e), however, does not mandate severance of this petition, as Petitioner is challenging several judgments from only one state court, all of which were classified under Irwin County Superior Court case number 99-CR-140. It is permissible for the Petitioner to challenge these judgments, arising out of one criminal case, in one federal habeas petition. *Hardemon v. Quarterman*, 516 F.3d 272 (5th Cir. 2008)(rules governing § 2254 petitions permitted petitioner to challenge separate convictions from a single court in a single § 2254 petition); *Oquendo v. Crosby*, 2005 WL 2353890 (M.D.Fla.)(petitioner properly raised claims concerning two judgments in one habeas petition, as both judgments were entered by the same court, pertained to charges from a single information, and were assigned the same case number). Inasmuch as the Petitioner has properly

2

raised challenges to judgments from one state court in one federal habeas petition, and it has not been shown that severance is otherwise appropriate herein, Respondent's Motion to Sever Grounds 1, 3, 4, and amended Ground 1 is **DENIED**.

*Timeliness*

Respondent asserts that Grounds 1, 3, 4, and amended Ground 1, if severed, are time-barred, as these grounds challenge aspects of Petitioner's 2000 guilty plea and 2006 revocation of first offender status. However, the Eleventh Circuit has held that in a habeas petition challenging more than one state court judgment, "[t]he statute of limitations in § 2241(d)(1) applies to the application [for habeas relief] as a whole; individual claims within an application cannot be reviewed separately for timeliness." *Walker v. Crosby*, 341 F.3d 1240, 1245 (11th Cir. 2003). The Eleventh Circuit further held that "under subparagraph (A) [of § 2244(d)(1)] we measure the statute of limitations from the date on which the [latest] judgment became final." *Id.* at 1246. Thus, it is not appropriate to look to the individual grounds challenging the 2000 guilty plea and 2006 revocation proceeding as measures of timely filing of this federal habeas petition.

Inasmuch as it is not necessary to sever the Petitioner's grounds for relief herein and the application as a whole has not been shown to be untimely filed, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss Grounds 1, 3, 4, and amended Ground 1 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED AND RECOMMENDED**, this 12th day of July, 2011.

s/ **THOMAS Q. LANGSTAFF**

UNITED STATES MAGISTRATE JUDGE

asb