IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JUSTIN RYAN HOULE, | : |
| Petitioner, | : |
| VS. | : 7 : 10-CV-66 (HL) |
| STEVE ROBERTS, Superintendent, | : |
| Respondent. | : |

**RECOMMENDATION**

In this federal habeas petition, the Petitioner challenges three separate adjudications: 1) his January 11, 2000 Irwin County guilty plea to charges of burglary; 2) his August 16, 2006 First Offender probation revocation and adjudication of guilt on the burglary charges; 3) his August 14, 2008 probation revocation order on the burglary conviction.  (Docs. 2, 8).

Petitioner was indicted by an Irwin County grand jury on November 8, 1999 on charges of burglary.  (Doc. 14-4, pp. 33, 34).  Petitioner pled guilty to burglary and was sentenced in the Superior Court of Irwin County as a First Offender to 10 years probation.  *Id.* at 36-38, 50.  On August 16, 2006, Petitioner's First Offender probationer status was revoked by the Superior Court of Irwin County; he was adjudicated guilty of burglary and the court sentenced Petitioner to fifteen years on probation.  *Id.* at 46.  On August 14, 2008, the Superior Court of Irwin County revoked Petitioner's probation on the burglary conviction and ordered Petitioner to serve 24-36 months in a probation detention center.  *Id.* at 48.

Petitioner filed a state habeas corpus petition on September 8, 2008.  (Doc. 14-1).  Following an evidentiary hearing, the state habeas court denied relief on December 7, 2009. (Doc. 14-2).  The Georgia Supreme Court denied Petitioner's application for a certificate of

probable cause to appeal on May 17, 2010. (Doc. 14-3). Petitioner executed this federal habeas petition on July 8, 2010. (Doc. 2).

## Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at. 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'"

*Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act ("AEDPA") case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts.  *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d).

### Petitioner's Habeas Claims

In his original and amended Petitions for federal habeas relief, the Petitioner sets forth eight (8) grounds for relief.  (Docs. 2, 8).  In Grounds 1, 3, 4, and a portion of amended Ground 1, the Petitioner raises ineffective assistance of counsel claims.  In Ground 2 and amended Ground 2, the Petitioner raises claims of prosecutorial misconduct.  In amended Grounds 3 and 4, the Petitioner sets forth state law and due process violations.  *Id.*

*Failure to state a claim for relief*

The Respondent maintains that Ground 2 and amended Grounds 3 and 4 fail to raise valid grounds for federal habeas relief.  The Court agrees.  Amended Grounds 3 and 4, wherein the Petitioner alleges that the state habeas court committed certain errors, fail to state claims for federal habeas relief, as alleged infirmities in state habeas court proceedings do not entitle a federal habeas petitioner to relief.  *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *Quince v. Crosby*, 360

F.3d 1259, 1262 (11th Cir. 2004) ("while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."). Accordingly, these grounds will not support the granting of the writ herein.

Additionally, Ground 2 fails to state a claim for federal habeas relief, as this ground does not present questions of constitutional magnitude. In Ground 2, the Petitioner alleges that the prosecutor knew or should have known that Petitioner was not charged with the listed violation of reckless conduct and that Petitioner "was not given the statutory time the law requires to advise Petitioner of [the] alleged violation." "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). As the alleged errors set forth by Petitioner in Ground 2 concern appear to only a determination of state law questions and do not raise questions of Constitutional or federal law, they are outside the province of federal habeas review. *Id.*

### *Procedurally defaulted claims*

Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

O.C.G.A. § 9-14-51.

In *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998), the Eleventh Circuit made it clear that "[t]he Georgia statute [O.C.G.A. § 9-14-51] restricting state habeas review of claims

not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find that the claims in question 'could not reasonably have been raised in the original or amended [state habeas] petition.'"   Herein, no such indication exists.

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991).   Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the Petitioner.   *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992).   "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."   *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

Herein, the Petitioner did not raise Ground 1, amended Ground 2, or a portion of amended ground 1 in the state proceedings below, rendering the claims procedurally defaulted.   The Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard.

*Ineffective assistance of counsel*

In Grounds 1, 3, 4 and the remaining portion of amended Ground 1, the Petitioner raises allegations of ineffective assistance of counsel.   In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged

deficient performance.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).   The Petitioner "must overcome the presumption, that, under the circumstances, the challenged action 'might be considered sound [] strategy'".  *Strickland*, 466 U.S. at 688 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).   "Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  *Strickland*, 466 U.S. at 697. The Court's determination of prejudice to the Petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors."  *Strickland,* 466 U.S. at 696.

The state habeas court reviewed Petitioner's claims under *Strickland* and found that:

> [t]he record reflects that both counsel and Petitioner conceded that he had violated the terms of his probation.   After being questioned by the trial court, Petitioner agreed that counsel's recitation of the facts leading up to his revocation based upon absconding was accurate.   Petitioner acknowledged he had violated his probation by leaving school and not providing his probation officer with any information regarding his whereabouts.
>
> Petitioner has not shown that a letter, allegedly authorizing him to travel outside the probation area for school, exists, much less establish [sic] that it was available to counsel for use at the revocation hearing.   Speculation does not establish prejudice.

> Petitioner has not shown either deficient performance or prejudice under *Strickland* with respect to each of his allegations of ineffective assistance.
>
> . . .
>
> Petitioner has failed to show either attorney error or prejudice as to his claim [that counsel failed to investigate the original charge of burglary].
>
> The record reflects that counsel received the state's discovery in this case and reviewed it with Petitioner. The weight of the state's evidence against Petitioner was "considerable". Counsel explained to Petitioner his rights, options, [sic] and believed that Petitioner understood the consequences of entering a guilty plea.
>
> Petitioner has further failed to establish the requisite prejudice from the alleged errors of counsel. Counsel advised Petitioner of his options[,] and the decision to take the favorable plea offer, receiving first offender treatment, was Petitioner's alone. The record further shows that Petitioner entered the guilty plea of his own accord and that he, not counsel, made that decision. Petitioner has not shown that, but for this alleged error, he would not have pled guilty but gone to trial.

(Doc. 14-2, pp. 6, 12).

It does not appear, nor has Petitioner shown, that the state court's decision in this matter was contrary to or an unreasonable application of federal law. The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that Petitioner's counsel provided the Petitioner with effective representation. Relying on the principles of *Strickland* and its incorporation into Georgia law, the court found that counsel was not deficient and did not prejudice Petitioner. The facts as found by the state court evidence counsel's effective representation. The state court's decision is not contrary to or an unreasonable application of clearly established federal law, nor is it unreasonable

under the facts of this case.   Therefore, Petitioner's claims of ineffective assistance of counsel will not support the granting of habeas relief herein.

*Conclusion*

Inasmuch as none of the grounds raised by the Petitioner will support the granting of federal habeas relief,   **IT IS RECOMMENDED** that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 8th day of March, 2012.

s/   *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**